UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ATALISSA M. SHOULDERS, | ) | Case No. CV 16-7901-CJC (SP) |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| COUNTY OF LOS ANGELES, et al., | ) | |
| Respondents. | ) | |

On October 24, 2016, petitioner Atalissa M. Shoulders filed what purports to be a Petition for Writ of Habeas Corpus (the "Petition"), apparently intended to be brought under 28 U.S.C. § 2254, which permits a federal court to entertain a habeas petition by a person in state custody. Petitioner seeks the return of her children, who were removed from her custody and placed in foster care by the Los Angeles Department of Children and Family Services ("DCFS").

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 also authorizes dismissals on procedural grounds. *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d

599, 602 (9th Cir. 1989). Here, the Petition must be dismissed because, for multiple reasons, this Court lacks jurisdiction over the Petition.

     First, the Petition makes clear that petitioner is not in custody or under any other criminal sentence, as is required to obtain habeas relief. *See* 28 U.S.C. § 2254(a). The Supreme Court has interpreted § 2254(a) "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989). Although the petitioner need not necessarily be physically confined in order to file a habeas petition, she must still be under a criminal sentence that has not yet expired, such as on parole. *Id.* at 491-92. But there is no indication in the Petition that petitioner was ever convicted or under a criminal sentence at all that is related to the matter she challenges; indeed, the Petition is to the contrary. *See* Pet. at 2. As such, this Court lacks jurisdiction to consider the Petition. *See Maleng*, 490 U.S. at 490 ("in custody" requirement is jurisdictional).

     Second, and even more fundamentally, the relief petitioner seeks is not cognizable in a habeas petition. Section 2254 permits a federal court to entertain a habeas petition by a prisoner in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in state custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Burnett v. Lampert*, 432 F. 3d 996, 999 (9th Cir. 2005). Put simply, this Court also lacks jurisdiction because petitioner is not claiming she is in custody in violation of the Constitution or other federal law. *See Baily v. Hill*, 599 F.3d 976, 979-82 (9th Cir. 2010) (§ 2254's

jurisdictional requirement includes that the habeas challenge be to the lawfulness of petitioner's custody). Although petitioner asserts that her constitutional rights have been violated, she is not claiming she actually is or has been in custody as a result of a constitutional violation, but rather that her rights and her children's rights were violated when the children were removed from her custody. This is not a cognizable habeas corpus claim over which this Court has jurisdiction.

Petitioner indicates she is also bringing the Petition on behalf of her children, who are minors confined to foster care and therefore unable to file or sign a habeas petition themselves. But although petitioner alleges her children are "locked up in foster care against their will by the respondents" (Pet. Attach. at 2), she does not allege they are in criminal custody. Indeed, given that petitioner makes clear her children were taken from her by DCFS and placed in foster care due to alleged neglect and abuse by petitioner (which petitioner disputes), there is no indication or reason to believe the children are in custody pursuant to a criminal judgment by a state court. "The Supreme Court has held that children placed in foster care are not in state custody for the purposes of federal habeas proceedings under 28 U.S.C. § 2254." *Boozer v. Wilder*, 381 F.3d 931, 934 n.2 (9th Cir. 2004) (citing *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 510, 102 S. Ct. 3231, 73 L. Ed. 2d 928 (1982)). As such, the Petition does not state a cognizable claim for relief, and this Court lacks jurisdiction over the Petition.

A federal court has the discretion to construe a mislabeled habeas corpus petition as a civil rights action and permit the action to proceed, such as when the petition seeks relief from the conditions of confinement. *See Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) (per curiam) (holding that where a habeas corpus petition presents § 1983 claims challenging conditions of confinement, the petition should be construed as a civil rights action),

superseded by statute on other grounds as recognized in *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). But although petitioner alleges violations of her civil rights, nothing in the instant Petition indicates that petitioner intended to bring a civil rights complaint. Instead, the Petition plainly challenges and seeks review of decisions by state courts.

      IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action with prejudice.

DATED: November 21, 2016

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE